UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE DOZIER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GASCO INC.,<br><br>　　　　　Defendant. | Case No. 1:23-cv-00606-JLT-HBK<br><br>ORDER SETTING ASIDE CLERK'S DEFAULT AND RESCHEDULING INITIAL SCHEDULING CONFERENCE<br><br>(Doc. Nos. 6, 7) |

　　　　Pending before the Court is the parties' joint motion to set aside the Clerk's entry of default filed July 18, 2023. (Doc. No. 7). Plaintiff filed the Complaint on April 19, 2023. (Doc. No. 1). Proof of Summons was filed on May 8, 2023, indicating service was effectuated on May 6, 2023. (Doc. No. 4). Plaintiff moved for clerk's entry of default under Fed. R. Civ. P. 55(a) on June 7, 2027, after Defendant failed to timely respond to the Complaint. (Doc. No. 5). The same day, the Clerk entered a default. (Doc. No. 6).

　　　　A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(a). Where it is an entry of default—rather than a default judgment—that a party seeks to have set aside, courts have particularly broad discretion. *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). A court generally considers the following three factors in evaluating good cause: (1) whether the party seeking to set aside the default engaged in culpable conduct leading to default,

(2) whether the party has a meritorious defense, and (3) whether the opposing party will be prejudiced. *Brandt v. Amer. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011).

Here, the joint motion is silent for the Court to evaluate whether good cause exists. Nonetheless, default is considered appropriate only in extreme cases with preference given to a decision on the merits. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Further, the motion was promptly filed after entry of default. And Plaintiff stipulates to setting aside the default so no prejudice can be assumed.

ACCORDINGLY, it is **ORDERED**:

1. The joint motion to set aside the default (Doc. No. 7) is GRANTED and the Clerk shall set aside the default (Doc. No. 6).
2. Defendant shall file a response to the Complaint **no later than August 18, 2023**.
3. The Court reschedules this case for a mandatory telephonic Initial Scheduling Conference for **Thursday, September 14, 2023, at 10:00 A.M.** The parties shall file their joint Scheduling Report **no later than September 7, 2023**.

Dated:   July 19, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2