UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE DOZIER, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>GASCO, INC., a California corporation,<br><br>    Defendant. | No.  1:23-cv-00606-DJC-AC<br><br>ORDER DENYING MOTION TO TRANSFER VENUE AND DISMISSING WITH LEAVE TO AMEND UNDER RULE 12(B)(1) |

    Plaintiff Lee Dozier alleges that Defendant Gasco, Inc. ("Gasco"), the purported owner of real property in Modesto, California where a College Market resides, violated the Americans with Disabilities Act by failing to make accommodations at the College Market and also violated California's Unruh Civil Rights Act.  Gasco seeks transfer to the Northern District of California under 28 U.S.C. §§ 1391(b) and 1404(a).  As explained below, the Court DENIES Gasco's Motion to Change or Transfer Venue (ECF No. 9) because the Court finds that Plaintiff has insufficiently pleaded a credible intent to return to the College Market to pursue his federal claim and thus a credible threat of an imminent or likely injury in the future.  Because Plaintiff only has standing to pursue his state law claim, the Court DECLINES to exercise supplemental jurisdiction.  However, the Court GRANTS Plaintiff LEAVE TO AMEND within 30 days.

# BACKGROUND

Plaintiff is 79 years old and is disabled with a bad back because of his prior construction work. (*See* Compl. for Damages and Injunctive Relief (ECF No. 1) ¶¶ 3, 8, 10-12 ("Complaint" or "Compl.").) Plaintiff's disability sometimes requires him to use a ride-on scooter for mobility. (*See, e.g., id.* ¶¶ 15, 17.) This case revolves around Plaintiff's visit to the College Market located at 2110 College Avenue in Modesto, California ("the College Market") on or about April 1, 2023 to purchase a soda and a lottery ticket, where Plaintiff found several violations of the American with Disabilities Act of 1990 ("ADA"), codified at 42 U.S.C. § 12101, *et seq.* (*See id.* ¶¶ 1-2, 18-45.) While visiting the College Market, Plaintiff noticed that it did not have conveniently located parking spaces (*id.* ¶ 19), did not have properly identified and spaced disabled parking places (*id.* ¶ 22), that the slopes were too steep (*id.* ¶¶ 24-25, 27), and that the entrance and service counters were not accessible (*id.* ¶¶ 29, 31, 33, 35).

Because of these various accessibility issues, Plaintiff alleges that he suffered harm, including difficulty, discomfort, and embarrassment, and is currently deterred from visiting the College Market "but would like to return in the future once Defendant ceases its discriminatory conduct." (*Id.* ¶¶ 39-41, 44-45.) Plaintiff alleges that Gasco "owns and/or operates the Property where the College Market is located." (*Id.* ¶ 4.)

Plaintiff filed the Complaint on April 19, 2023. (*See* Compl. at 9.) Gasco filed the instant Transfer Motion on August 18th. (*See* Gasco's Not. of Mot. and Mot. to Change or Transfer Venue under 28 U.S.C. § 1391(b) and § 1404(a) 10 (ECF No. 9) ("Transfer Motion" or "Transfer Mot.").) Plaintiff filed his Opposition on August 24th. (*See* Opp'n to Mot. to Change Venue 3 (ECF No. 10) ("Opposition" or "Transfer Opp'n").) Gasco filed its Reply on October 18th. (See ECF No. 15.) The Court took the matter under submission without appearance or argument. (*See* ECF Nos. 14, 16.) The matter is now fully briefed.

////

////

**DISCUSSION**

**I.   Transfer Motion Construed as a Rule 12(b)(1) Motion**

Although Gasco seeks transfer of the case from the Eastern District of California to the Northern District (*see, e.g.*, Transfer Mot. at 5–9), Gasco also challenges Plaintiff's standing to bring suit, arguing that Plaintiff has failed to credibly allege an imminent injury because Plaintiff's injury "appears contingent upon Plaintiff returning to [Gasco's] property[,]" yet "[i]n Plaintiff's Complaint he has not made any concrete plans to return to [Gasco's] property nor has he made any representations that he plans to do so." (*Id.* at 5.) Thus, the Court construes Gasco's challenges as an attack on this Court's subject matter jurisdiction over the matter under Federal Rule of Civil Procedure 12(b)(1). *See, e.g.*, *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("*SAFE*")).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *SAFE*, 373 F.3d at 1039 (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted)). In a factual attack, the challenger takes the allegations in the complaint as true but challenges whether those allegations are sufficient to invoke federal jurisdiction. *See id.* at 1039. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.* The difference between a facial and a factual attack is crucial because a district court errs when it reviews evidence outside of the pleadings during a facial attack. *See, e.g.*, *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964–65 (9th Cir. 2020) (vacating and remanding the district court's order remanding the case to state court after construing an attack as a factual rather than a facial attack and applying the wrong standard). For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the opponent's favor, "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Salter*, 974 F.3d at 964 (quoting *SAFE*, 373 F.3d at 1035). However, "[w]hen a factual attack is mounted, the responding party 'must support her jurisdictional allegations with "competent

proof" . . . under the same evidentiary standard that governs in the summary judgment context.'" *Id.*

## II. The Court Finds that Plaintiff Fails to Adequately Plead an Imminent Injury.

In a facial attack as to the Court's jurisdiction, Gasco argues that Plaintiff failed to plead an injury-in-fact and therefore fails to allege standing to bring this ADA claim because Plaintiff has not alleged that he lives anywhere near the College Market and has not made any concrete plans to return to the College Market. (*See* Transfer Mot. at 5.)[1]  The "irreducible constitutional minimum" of standing contains three requirements: (1) an injury-in-fact suffered by the plaintiff; (2) a causal connection between that injury and the defendant's conduct (sometimes called traceability); and (3) a likelihood that the injury will be redressed by a favorable decision (sometimes called redressability).  *See, e.g.*, *Civil Rights Educ. and Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1098 (9th Cir. 2017) ("*CREEC*") (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical."  *CREEC*, 867 F.3d at 1093 (quoting *Lujan*, 504 U.S. at 560 (citations omitted)).  The Ninth Circuit has held that a plaintiff pleads a concrete and particularized injury for ADA purposes, satisfying the first requirement, where the complaint alleges that the plaintiff personally encountered discrimination on at least one occasion, citing an Eighth Circuit decision with approval that "held that a blind plaintiff who had only once attempted to enter the defendant's building had standing

---

[1] Defendant also makes the passing argument that "Plaintiff's Complaint is based upon alleged ADA violations and Plaintiff has not even established that he falls under the definition of being 'disabled.'" (Transfer Mot. at 3.)  Even if this Court were to construe this as a factual attack on the Court's jurisdiction, whether Plaintiff is disabled is intertwined with the merits of Plaintiff's claim under Title III of the ADA that also requires Plaintiff to prove that he "is disabled as that term is defined by the ADA[.]" *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004) (citations omitted).  Accordingly, it would be inappropriate for the Court to decline jurisdiction on that basis.  *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).

to bring an ADA challenge." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133,1138 (9th Cir. 2002) (citing *Steger v. Franco, Inc.*, 228 F.3d 889, 893–94 (8th Cir. 2000)). Plaintiff sufficiently pleads a concrete and particularized injury by alleging that he personally experienced various ADA violations on his single trip. (*See* Compl. ¶¶ 18–19, 21–21, 25–25, 27, 29, 31, 33, 35, 37.)

Plaintiff seeks injunctive relief, however, which requires more than a past exposure to illegal conduct, and requires the Plaintiff to show imminent future harm. *See CREEC*, 867 F.3d at 1098 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Although close given the procedural posture of the case, the Court finds that Plaintiff has failed to plead enough independent factual material at this stage to find that Plaintiff suffers from the "'continuing, present adverse effects' stemming from the defendant's actions[ ]" to pursue injunctive relief. *Id.* (citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (*en banc*)). Plaintiff alleged that he is deterred from re-visiting the College Market because of the ADA compliance issues there, which included some barriers that are not as easy to readily fix, such as too steep of slopes (*see* Compl. ¶ 24), ground that was not smooth (*see id.* ¶ 29), and self-serve and sales counters that were too high (*see id.* ¶¶ 33, 35, 37). However, Plaintiff "identifies no past visits, future travel plans, personal preferences, or any other indication to support a plausible inference that" he intends to return to the College Market or the property where it is located. *Jimenez v. Doryman's Inn, Inc.*, No. 8:22-CV-0154-DOC-ADS, 2023 WL 4291448, at *5-7 (C.D. Cal. Mar. 29, 2023) (first citing *D'Lil v. Best Western Encina Lodge & Suits*, 538 F.3d 1031, 1038 (9th Cir. 2008); then citing *Langer v. Kiser*, 57 F.4th 1085, 1093 (9th Cir. 2023); then *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008); and then citing *Pickern*, 293 F.3d at 1135)). As a result, Plaintiff fails to even allege that he will suffer from the "'continuing, present adverse effects' stemming from" the ADA disability barriers alleged in the Complaint. *CREEC*, 867 F.3d at 1098 (citing *Chapman*, 631 F.3d at 953).

////

The Court is cognizant of the many California district courts "that have concluded that 'if a[n ADA] plaintiff is going to be disbelieved on the issue of standing, it should be in the context of factfinding, not in the context of a Rule 12(b)(1) motion.'" *Garcia v. Chung Enterprises, L.P.*, No. 3:21-CV-05088-WHO, 2021 WL 7285264, at *3–5 (N.D. Cal. Dec. 14, 2021) (quoting *Langer v. Honey Baked Ham, Inc.*, No. 3:20-CV-1627-BEN-AGS, 2020 WL 6545992, at *6 (S.D. Cal. Nov. 6, 2020) (quoting *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 876 (S.D. Cal. 2019))) (alteration in original).  However, unlike those other cases, Plaintiff has failed to identify any factual basis for this Court to even presume that he has an intent to ever return to the College Market and from which Gasco could start pursuing discovery to challenge Plaintiff's alleged intent.  *Contrast with Garcia*, 2021 WL 7285264, at *1, *3–4 (taking judicial notice of prior lawsuits filed by the plaintiff, an apparent ADA tester, who filed suits in Southern California and disclosed living there despite filing a lawsuit in Northern California); *Langer*, 2020 WL 6545992, at *1 (noting that the plaintiff alleged that he "lives 15 minutes from this Honey Baked Ham location and frequents this area on a constant and ongoing basis."); *Brooke*, 362 F. Supp. 3d at 869 (noting that, though the plaintiff lived in Arizona, the plaintiff averred that she and her husband "are avid travelers to California," and that she "makes frequent trips to San Diego.").

Moreover, even though district courts make a case-by-case determination of whether a particular plaintiff's injury is imminent, *see CREEC*, 867 F.3d at 1100 (citation omitted), the Court finds that Plaintiff's Complaint is deficient here.  Plaintiff only alleged that he is currently deterred and that he would like to return to the College Market.  However, Plaintiff fails to plead more than an intent to return some day, which is insufficient to establish an actual or imminent injury for standing.  *See Lujan*, 504 U.S. at 564.  As it is, Plaintiff alleged that he went on an errand when he visited the College Market, but Plaintiff only picked up a soda and a lottery ticket. (*See* Compl. ¶ 18.)  Those items are insufficient for the Court to assume that Plaintiff has an intent to return to the College Market or prefers shopping for particular items

at the College Market. *Contrast with Pickern*, 293 F.3d at 1137–38. As a result, Plaintiff fails to plead an imminent injury to pursue injunctive relief.

For the reasons set forth above, the Court finds that Plaintiff lacks standing, and, therefore, the Court DENIES Gasco's Motion to Change or Transfer Venue (ECF No. 9).

### III. The Court Declines to Exercise Suppemental Jurisdiction.

Plaintiff also seeks statutory damages under California's Unruh Civil Rights Act, as damages are not available to a private plaintiff bringing suit under the ADA. *See Chapman*, 631 F.3d at 946 and n.3. Plaintiff has standing to bring his Unruh Civil Rights Act claim because a violation of the right of any individual under the ADA "shall also constitute a violation of this section," and, unlike the ADA, entitles the Plaintiff to relief for past harm. Cal. Civ. Code §§ 51(f), 54(c). However, though Plaintiff has standing to bring his Unruh Civil Rights Act claim, Plaintiff does not have standing to bring his Title III of the ADA claim. "When federal claims are dismissed before trial, . . . pendant state claims also should be dismissed." *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 651 (9th Cir. 1984). Therefore, this Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Civil Rights Act claim at this time because the Court dismisses it, as well.

### CONCLUSION

For the reasons set forth above, the Court DENIES Gasco, Inc.'s Motion to Change or Transfer Venue (ECF No. 9). The Court FINDS that Plaintiff lacks standing to pursue injunctive relief under Title III of the American with Disabilities Act ("ADA"). Therefore, the Court DISMISSES WITH LEAVE TO AMEND Plaintiff's cause of action under the ADA in the Complaint (ECF No. 1), and the Court DECLINES supplemental

////
////
////
////
////

jurisdiction over the Unruh Civil Rights Act claim.  Plaintiff has 30 days from the docketing of this Order to file his Amended Complaint.

      IT IS SO ORDERED.

Dated: **November 6, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – Dozier.23cv606.Transfer.Mot.